NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 20, 2009∗
Decided July 24, 2009

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

**No**. 08-4047

JAMES J. FOSKETT and MARY C. FOSKETT,
    *Plaintiffs*,

**v.**

GREAT WOLF RESORTS, INC. and GREAT BEAR
LODGE OF WISCONSIN DELLS, LLC,
    *Defendants-Third Party Plaintiffs-Appellees*,

**v.**

TALL PINES DEVELOPMENT OF WISCONSIN
DELLS, LLC,
    *Third Party Defendant-Appellant*.

Appeal from the United
States District Court for the
Western District of Wisconsin.

No. 06 C 0503 S
Barbara B. Crabb, *Chief Judge*.

### Order

After our initial decision, 518 F.3d 518 (7th Cir. 2008), which held that the Sellers are entitled to indemnity, all Sellers asked the district court to award attorneys' fees as

---

∗ This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

part of that indemnity. The district court granted these motions, with one exception: it held that Tall Pines, one of the Sellers, is not entitled to indemnity for the attorneys' fees paid to Crivello Carlson, S.C. The court concluded that these fees are excluded by §10.5(d) of the asset purchase agreement. This provides: "Neither party shall have an obligation to indemnify another party hereto with respect to any Claim ... to the extent that there are insurance proceeds collectible by the Indemnified Party with respect thereto, regardless of whether the Indemnified Party chooses to submit a claim against such insurance policy." The parties call this the Insurance Offset clause. Crivello Carlson's bills were paid by Tall Pines's insurance carrier and therefore were within the scope of the Insurance Offset, the district court held.

Tall Pines's principal argument on appeal is that the district court did not follow the law of the case. That doctrine concerns the effect of a court's own decisions on future proceedings, and the district court did not contradict itself. The relevant doctrine would be the mandate rule--the requirement that a district court carry out the court of appeals' decision. Nothing that the district judge did on remand violated our mandate. We held that the Sellers are entitled to indemnity. We were not asked to decide, and did not decide, whether that indemnity included attorneys' fees that had been paid by an insurer.

The district court applied the Insurance Offset correctly. Tall Pines contends that the Insurance Offset is limited to insurance *indemnity*, and that other payments by an insurer, such as those to lawyers who conduct the defense under the policy, are outside its scope. But §10.5(d) does not distinguish between payment of indemnity and payment of defense costs. It speaks of insurance "proceeds" generally. Tall Pines does not contend that Wisconsin, whose law supplies the rule of decision in this diversity litigation, understands "insurance proceeds" to mean only indemnity. What is more, §10 expressly includes defense costs in its definition of the term "claim" as used in the Insurance Offset. ("As used in Section 10, the term Claim shall include ... all reasonable costs and expenses (including ... reasonable attorneys fees and costs) of investigating, defending or successfully asserting any of the foregoing or of successfully enforcing this agreement.") The judgment of the district court therefore is affirmed.